IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CRYSTAL STEPHENS | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 17-2470 |
| MANLEY DEAS KOCHALSKI, LLC | : | |

## MEMORANDUM

**KEARNEY, J.** November 14, 2017

A borrower defaulting on her mortgage loan and then failing to respond to her lender's 2009 foreclosure complaint is now again suing her lender's lawyers for their 2016 and 2017 communications attempting to collect the balance of the defaulted loan. Congress enacted the Fair Debt Collection Practices Act[1] to protect borrowers from improper debt collection tactics. The borrower, suing under a variety of the Act's prohibitions, must plead facts showing a plausible basis for finding the creditor violated the Act. Judge O'Neill of this Court dismissed her case against the lender's lawyers under the Act with prejudice. Undeterred, she now returns through a *pro se* action with many of the same claims but with some new claims allegedly arising after Judge O'Neill's dismissal against the lender's lawyers based upon their work for the lender in attempting to collect the defaulted mortgage loan. The lenders move to dismiss this second case based on several deficiencies. While we liberally construe *pro se* pleadings, a case barred in part by *res judicata* and otherwise failing to state a claim must not proceed into costly discovery. In the accompanying Order, we grant the lender's lawyers' motion to dismiss.

I.     **Facts alleged in the *pro se* Amended Complaint and procedural posture.**

Crystal Stephens defaulted on a loan secured by a mortgage on her property. Aurora Loan Services, LLC, through its disclosed lawyers Zucker Goldberg & Ackerman, LLC, filed a state court foreclosure action against her over eight years ago.[2] On June 10, 2010, Aurora obtained a default judgment.[3] Manley Deas Kochalski, LLC took over the case from the Zucker firm on July 13, 2015.[4]

Fifty-three weeks after the Manley firm began representing Aurora, Ms. Stephens first sued the Manley firm under the Act alleging it sent her communications between September 2, 2015 and June 27, 2016 prohibited by Sections 1692c, 1692c(b), 1692e(3), (10), (11), and 1692g(a)(1)-(5).[5] When suing the Manley firm in July 2016, Ms. Stephens knew it represented her lender in collecting on default. On November 16, 2016, the Honorable Thomas N. O'Neill, Jr. dismissed Ms. Stephens's complaint without leave to amend for failing to state a claim.[6] Judge O'Neill found all of the Manley firm's challenged communications were legally required notices of filings in the Philadelphia Court of Common Pleas, did not contain misrepresentations, and did not violate the Act.[7]

The Manley firm continued to attempt to collect its client's debt through a sheriff's sale, sending communications on June 6, 2016, June 27, 2016, August 1, 2016, April 28, 2017, and July 18, 2017.[8] The Manley firm attempted to have the Philadelphia Sheriff's Department enforce the writ of execution on her foreclosed home.[9]

II.    **Analysis**

Notwithstanding Judge O'Neill's dismissal of her challenges to the Manley firm's communications, Ms. Stephens now again sues the Manley firm *pro se* claiming the five communications from June 6, 2016 to July 18, 2017 violated the Act because the

communications threatened her, mislead her, and failed to provide her with proper notice of her debt. Ms. Stephens claims the communications violated Section 1692e(5) because the Manley firm improperly threatened to take action to foreclose on her home, notwithstanding the foreclosure lawsuit began in 2009 through another law firm. Ms. Stephens claims the communications violated Section 1692e(10) because the Manley firm held themselves out to be attorneys for Aurora when Ms. Stephens claims they are not. Ms. Stephens claims the communications violated Section 1692e(11) because the Manley firm failed to identify themselves to Ms. Stephens as debt collectors. Finally, Ms. Stephens claims a communication sent on April 28, 2017 violated Section 1692g(a) because the Manley firm failed to provide the notice disclosures required by the Act.

The Manley firm moves to dismiss all claims.[10] The Manley firm argues Ms. Stephens's claims are partially precluded by *res judicata* and collateral estoppel because Ms. Stephens already filed a lawsuit against the Manley firm for violations of the Act which Judge O'Neill dismissed without leave to amend. In the alternative, the Manley firm argues Ms. Stephens fails to state a claim under the Act.

We dismiss all of Ms. Stephens's claims because two of the communications at issue are barred by *res judicata*, the April 28, 2017 communication is not subject to the Act, and Ms. Stephens fails to state a claim based upon the August 1, 2016 and July 18, 2017 communications.

**A. Ms. Stephens's claims relating to the June 6 and June 27, 2016 communications are barred by *res judicata*.**

Ms. Stephens claims the Manley firm wrote her on June 6 and June 27, 2016 in violation of Sections 1692e(5), (10), (11) of the Act. The Manley firm argues Ms. Stephens's claims are barred by *res judicata*. The Manley firm is correct. Ms. Stephens's claim as to these two letters is barred by *res judicata*.

3

Under the doctrine of *res judicata*, a plaintiff's claim is precluded if it has already been litigated in a prior action, or if a plaintiff's claim could have been brought in a prior action.[11] *Res judicata* is proper if: "(1) a final judgment [has been entered] on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit [is] based on the same cause of action."[12] A case will be said to arise out of the same cause of action if the material facts are so close as to be "essentially similar."[13]

Ms. Stephens and the Manley firm already litigated whether the same June 6, 2016 and June 27, 2016 communications violated the Act. In Ms. Stephens's first lawsuit, she alleged the Manley firm's June 6 and June 27 communications violated Sections 1692c and 1692e of the Act. Judge O'Neill dismissed her claim without leave to amend because her claims lacked any legal basis.[14] In her Amended Complaint in this action, Ms. Stephens again alleges the Manley firm's June 6 and June 27 communications violated the Act.[15] All the elements of *res judicata* are met: a final judgment has been entered in the prior suit, Ms. Stephens's second action is against the same defendant – the Manley firm, and Ms. Stephens's claim is based on the same underlying events. This is a textbook application of *res judicata*, and Ms. Stephens is barred from re-litigating her claims.

### B. The April 28, 2017 communication is not subject to the Act.

Ms. Stephens claims the April 28, 2017 communication violates Section 1692e(5), (10), (11), and Section 1692g of the Act. The April 28, 2017 communication is not subject to the Act and Ms. Stephens fails to state a claim as to this communication.

The Act defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."[16] "There is no bright line rule to determine whether a communication was made in connection with the collection of any debt."[17]

"[C]ourts look to a number of factors when addressing the issue, including the nature of the parties' relationship, whether the communication included a demand for payment, and the purpose and context of the communications."[18] A communication need not contain an explicit demand for payment; it is sufficient if the communication's general purpose is to induce payment by the debtor.[19] "The issue at the pleading stage is whether the allegations, considered alongside the letter itself, plausibly state a claim that one of the animating purposes of the letter was to induce payment by the plaintiff."[20] "[C]ommunications that include discussions of the status of payment, offers of alternatives to default, and requests for financial information may be part of a dialogue to facilitate satisfaction of the debt and hence can constitute debt collection activity."[21]

The April 28, 2017 communication is an email containing a courtesy copy of a letter the Manley firm sent to the Sheriff's Office requesting it continue the sheriff sale of Ms. Stephens's home.[22] The body of the letter in its entirety states, "Please continue the sheriff sale set for May 2, 2017 to June 6, 2017. Please announce this continuance at the May 2, 2017 sheriff sale."[23] Since 2011, the sheriff's sale has been postponed and stayed seventeen times.[24] For a variety of immaterial reasons, the sheriff postponed its sale fourteen times before the Manley firm's April 28, 2017 request to continue the sale once more.[25] The letter does not acknowledge Ms. Stephens's debt, does not identify the amount Ms. Stephens owed on her debt, and does not demand payment. The letter requests the sheriff's office continue the scheduled sale for one month. Ms. Stephens does not allege the letter is drafted for the purpose of inducing Ms. Stephens to make payments on a debt. The context of the letter arises from Ms. Stephens owing a debt, Ms. Stephens defaulting in the foreclosure action, Aurora reducing Ms. Stephens's debt to a judgment, and Aurora seeking recoupment via a sheriff's sale. Nearly eight years passed between filing the foreclosure action and this April 28, 2017 letter. At this stage of the litigation,

the Manley firm and Aurora do not seek payment from Ms. Stephens, they seek recoupment through the sheriff's sale. The only factor weighing in favor of finding the communication is subject to the Act is the relationship between Ms. Stephens and the Manley firm, but this alone is insufficient. The April 28, 2017 communication is not a communication subject to the Act.

> **C.** **Ms. Stephens fails to state a claim under Section 1692e(5) because the August 1, 2016 and July 18, 2017 communications do not contain threatening language.**

Ms. Stephens claims the Manley firm's August 1, 2016 and July 18, 2017 communications violate Section 1692e(5) of the Act.

The Manley firm first argues Ms. Stephens's claim is barred by the doctrines of issue and claim preclusion. Ms. Stephens's remaining claims are not barred by *res judicata* because the Manley firm sent the remaining communications after Ms. Stephens filed her complaint in the first lawsuit against the Manley firm.[26] Ms. Stephens's remaining claims are not barred by collateral estoppel because the communications were not subject of the first action and the identity of the cause of action is not the same.

In the alternative, the Manley firm argues the August 1, 2016 and July l8, 2017 communications lack threatening language. Section 1692e(5) prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."[27] The threatening language must include some indication the debt collector will actually, and wrongfully, pursue a claim to recover if the debtor does not act.[28] It is deceptive for a debt collector to threaten to take action it has no intention of taking or has never or rarely taken before.[29]

Ms. Stephens claims the communications violated Section 1692e(5) by threatening to sell her foreclosed home when the Manley firm did not intend to take such action. Ms. Stephens also claims the Manley firm could not legally foreclose on her home because she obtained a discharge of personal liability on all her debts. The August 1, 2016 communication is a service copy of a notice the scheduled sheriff's sale was stayed.[30] The notice in its entirety states, "The Sheriff Sale scheduled for August 2, 2016 at 9:00AM in the above captioned matter has been stayed."[31] The notice does not contain threatening language.

The July 18, 2017 communication is a service copy of a Praecipe to Mark Judgment.[32] The body of the state court filing reads, "Please mark the judgment in the above-captioned matter to the use of Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc Pass Through Certificates 2007-QO3, located at 1761 Saint Andrews Place, Santa Ana, CA 92705."[33] Similar to the August 1 communication, the praecipe does not contain threatening language.

These are cover letters without threatening language. This is not a letter demanding payment under a threat. Ms. Stephens defaulted several years ago and then defaulted in answering the state court complaint. Nothing in these communications alters her long-standing judgment obligation. Ms. Stephens fails to state a claim as to the August 1, 2016 and July 18, 2017 communications under Section 1962e(5).

**D.      Ms. Stephens fails to state a claim under Section 1692e(10) because the August 1, 2016 and July 18, 2017 communications are not misleading.**

Ms. Stephens claims the July 18, 2017 communication violates Section 1692e(10) because the Manley firm misrepresented themselves as attorneys for Aurora in the foreclosure action. The Manley firm argues its communications with Ms. Stephens clearly identify itself as attorneys for Aurora. Ms. Stephens fails to state a claim.

7

Section 1692e(10) prohibits a debt collector from using false representations or deceptive means to collect or attempt to collect a debt.[34] A communication is deceptive when "it can reasonably be read to have two or more readings, one of which is inaccurate or contradictory to another requirement."[35] "To determine whether a communication is misleading or deceptive, the communication must be analyzed through the lens of the least sophisticated debtor."[36] Under this standard, a debt collector cannot be held liable simply because of debtor's "bizarre or idiosyncratic interpretations" of the communications.[37] The debtor is presumed to have "a basic level of understanding and willingness to read with care."[38]

We fail to see how Ms. Stephens could have been misled by the Manley firm's communications. Both communications clearly identify the Manley firm as attorneys for the plaintiff in the foreclosure action, Aurora.[39] Ms. Stephens does not identify and we do not find language which could reasonably be read to contradict the undisputed fact the Manley firm represented Aurora. In his November 16, 2016 Memorandum dismissing Ms. Stephens's first case, Judge O'Neill found similar state court filings sent to Ms. Stephens dating back to 2015 clearly identified the Manley firm as Aurora's attorneys.[40] There is no question at the time Ms. Stephens received the August 1, 2016 and July 18, 2017 communications, the Manley firm already established it represented Aurora and the communications could not have misled Ms. Stephens. Ms. Stephens cannot state a plausible claim under Section 1692e(10).

**E.     Ms. Stephens fails to state a claim under Section 1692e(11) because the August 1, 2016 and July 18, 2017 communications are formal pleadings.**

Ms. Stephens claims the August 1, 2016 and July 18, 2017 communications violate Section 1692e(11) of the Act because the Manley firm did not identify itself as a debt collector. The Manley firm argues Ms. Stephens is prohibited from relying on the communications to state a claim because they are state court pleadings.

Section 1692e(11) prohibits debt collectors from failing to disclose in an initial communication with a consumer they are attempting to collect a debt and any information obtained from the consumer will be used to collect the debt.[41] In subsequent communications with a consumer, debt collectors must identify to the consumer they are debt collectors.[42] Section 1692e(11) does not apply to "formal pleading[s] made in connection with a legal action."[43]

In Ms. Stephens's first action, Judge O'Neill construed Section 1692e(11) to cover not only initial pleadings such a complaint, but also subsequent court filings such as entry of appearances, because "pleadings" as used in 1692e(11) has a "broad meaning."[44] Other district courts have broadly interpreted "formal pleading" to include filings outside initial pleadings.[45] In *Motherway v. Gordon*,[46] the district court applied the "formal pleading" exemption to a motion for summary judgment, request for admissions, and notice of hearing in a debt collection lawsuit.[47] The court rejected the plaintiff's argument the exemption applied only to initial pleadings such as complaints and answers and concluded such an interpretation "goes against common sense."[48] The court explained it would be "nonsensical" to require the law firm to constantly re-affirm its status as a debtor collector in every litigation document.[49] Although our court of appeals has not interpreted the scope of the "formal pleading" exemption under 1692e(11), it found the "formal pleading" exemption under Section 1692g(d) applied to a bank's formal substitution as a party in a foreclosure action one year after the action commenced because the filing to substitute the bank was a formal pleading.[50]

We find Judge O'Neill's interpretation of 1692e(11), our court of appeals' application of the "formal pleading" exemption under 1692g, and the court's interpretation of 1692e(11) in *Motherway* is persuasive.[51] The August 1 and July 18 communications attached to Ms.

9

Stephens's Amended Complaint are a "Notice of the Date of Stayed Sheriff Sale" and "Praecipe to Mark Judgment." These are not initial pleadings but are service copies of filings in the state court foreclosure action. These state court filings fall within the "broad meaning" of "pleading" under Section 1692e(11). It "goes against common sense" to require the Manley firm affirm its status as a debt collector in state court filings filed one year and two years after the Manley firm took over the foreclosure action, and over seven years after the initiation of the foreclosure action. We fail to see the logic in interpreting the exemption *to not require* a law firm disclose it is a debt collector in its initial interaction with a debtor *via* an initial pleading and *to require* the law firm disclose it is a debt collector later in subsequent court filings. It is implausible, if not fanciful, to find Ms. Stephens did not know the Manley firm's role as a debt collector at the time she received the August 1, 2016 and July 18, 2017 communications, as evidenced by her first lawsuit against the Manley firm under the Act filed in July 2016. Ms. Stephens is prohibited from relying on these communications to state a claim under Section 1692e(11).

### III. Conclusion

Ms. Stephens's claims based on the Manley firm's June 6 and June 27, 2016 communications are barred by *res judicata*. The April 28, 2017 communication is not subject to the Act and Ms. Stephens fails to state a plausible claim under the Act based upon the August 1, 2016 and July 18, 2017 communications. We grant the Manley firm's motion to dismiss and dismiss her case with prejudice in the accompanying Order.

---

[1] 15 U.S.C. § 1692, *et seq*.

[2] ECF Doc. No. 18, ¶ 15.

[3] *Id*. ¶ 16.

⁴ *Id*. ¶ 17.

⁵ *Stephens v. Manley Deas Kochalski, LLC*, No. 16-3845, 2016 WL 6804441 (E.D. Pa. Nov. 16, 2016), *appeal dismissed sub nom. Stephens v. Manley Deas Kochalski, LLC* (3d Cir. 2017).

⁶ *Id.*

⁷ *Id.*

⁸ ECF Doc. No. 18, ¶¶ 20, 35, 50, 64, 80. Ms. Stephens alleges the Manley firm sent her a communication on April 17, 2017. But the attached exhibit Ms. Stephens references as the April 17 communication is dated July 18, 2017.

⁹ *Id*. at ¶ 38.

¹⁰ In deciding a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, but we "are not compelled to accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assoc., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Our court of appeals requires we apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

¹¹ *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010); *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995).

¹² *Id.*

¹³ *See Sheridan v. NGK MetAurora Corp.*, 609 F.3d 239, 261 (3d Cir. 2010).

¹⁴ *Stephens*, 2016 WL 6804441, at *3.

¹⁵ ECF Doc. No. 18, ¶ 119-154.

¹⁶ 15 U.S.C. § 1692a(2).

¹⁷ *Krechner v. Nationstar Mortg., LLC*, No. 15-5054, 2015 WL 9260055, at *3 (E.D. Pa. Dec. 18, 2015).

¹⁸ *Id.* (citing *Gburek v. Litton Loan Servicing*, 614 F.3d 380, 384 (7th Cir. 2010)).

¹⁹ *Id.*

²⁰ *Id.* (citing *Venechanos v. Green Tree Servicing, LLC*, No. 14-2268, 2015 WL 4356326, at *6 (M.D. Pa. Jul. 14, 2015).

²¹ *MsLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014) (citation omitted).

²² ECF Doc. No. 18, p. 31.

²³ *Id.*

²⁴ Civil Docket, *Aurora Loan Services, LLC v. Stephens*, No. 090901470 (Phila. C.C.P. 2009).

²⁵ *Id.*

²⁶ *See Baron v. Abbott Labs.*, No. 16-2736, 2017 WL 634067, at *3 (E.D. Pa. Feb. 16, 2017) (citing *Morgan v. Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011)).

²⁷ 15 U.S.C. § 1692e(5).

²⁸ *See Crossley v. Lieberman*, 868 F.2d 566, 567 (3d Cir. 1989) (finding an FDCPA violation where a letter falsely stated, "Unless I receive payment in full within one week from the date of this letter, I will be compelled to proceed with suit against you.").

²⁹ *Brown v. Card Service Center*, 464 F.3d 450, 455 (3d Cir. 2006).

³⁰ ECF Doc. No. 18, at 48.

[31] *Id.*

[32] ECF Doc. No. 18, at 51.

[33] *Id.*

[34] 15 U.S.C. § 1692e(10).

[35] *Devito v. Zucker, Goldman & Ackerman, LLC*, 908 F.Supp.2d 564, 571 (D.N.J. Nov. 7, 2012) (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)).

[36] *Hairston v. Green Tree Servicing LLC*, No. 14-6810, 2015 WL 9302865, at *4 (E.D. Pa. Dec. 22, 2015) (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir.2008) (internal citations omitted)).

[37] *Rosenau*, 539 F.3d at 221.

[38] *Id.*

[39] ECF Doc. No. 18, at 48, 51.

[40] *Stephens*, No. 16-3845, 2016 WL 6804441, at *2.

[41] 15 U.S.C. § 1692e(11).

[42] *Id.*; *Smith v. Lyons, Doughty & Veldhuis, P.C.*, No. 07-5139, 2008 WL 2885887, at *8-9 (D.N.J. Jul. 23, 2008) (identifying Section 1692e(11) imposes different requirements depending on whether the communication at issue is an initial or subsequent communication).

[43] 15 U.S.C. § 1692e(11).

[44] *Stephens*, No. 16-3845, 2016 WL 6804441, at *3.

[45] *See Lambe v. Allgate Fin., LLC*, No. 16-24407, 2017 WL 3115755, at *3 (S.D. Fl. July 7, 2017) (collecting cases of district court opinions applying "formal pleading" exception outside of a complaint and answer).

[46] No. 09-5605, 2010 WL 2803052 (W.D. Wash. Jul. 15, 2010).

[47] *Id.* at *3.

[48] *Id.*

[49] *Id.*

[50] *See Oppong v. First Union Mortg. Corp.*, 326 F. App'x 663, 666 n.3 (3d Cir. 2009).

[51] Although the court decided *Motherway* on a summary judgment standard, we find the court's reasoning equally applicable at the motion to dismiss stage.